UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REED DOUGLAS FRANCE,<br><br>    Petitioner,<br><br>    v.<br><br>C. NOLL, Warden,<br><br>    Respondent. | No. C 09-4652 LHK (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

**INTRODUCTION**

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is DENIED.

**BACKGROUND**

In 1992, a San Bernardino County Superior Court jury convicted Petitioner of second degree murder, driving under the influence, and causing great bodily injury. He was sentenced to fifteen years-to-life, plus four years, in state prison. In 2008, the Board of Parole Hearings ("Board") found Petitioner unsuitable for parole on numerous grounds, including the circumstances of his commitment offense, his lack of insight into his alcoholism, which was related to his lack of insight into the cause of his commitment

offense, his having an escalating pattern of criminal conduct, and having inadequate parole plans, all of which indicate that he "would pose an unreasonable risk of danger to society if released from prison." (Pet., Parole Hearing Transcript ("PHT") at 90.)[1]  In response to the Board's decision, Petitioner sought, though was denied, relief on state collateral review. This federal habeas petition followed.

As grounds for federal habeas relief, Petitioner alleges that the Board's decision (1) does not comport with due process because the decision was not supported by some evidence that he poses a current unreasonable threat to the public; (2) does not comport with due process because the Board improperly based its decision on facts not charged in the indictment, found true by the jury or admitted by Petitioner; (3) does not comport with the First Amendment because the Board required that he participate in religious activities in order to be found suitable for parole; and (4) does not comport with Equal Protection because the Board discriminated against him based on his being a recovering alcoholic.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

---

[1] Citations to the parole hearing transcript refer to the page numbers printed on the original transcript, not to the page numbers created by the Court's electronic filing program.

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

## DISCUSSION

### I.   Some Evidence

Petitioner claims that the Board's decision did not comport with due process because it was not supported by some evidence that he currently poses a danger to society, a required finding under California law to deny parole. (Pet., P. & A. at 4.)[2]

Petitioner's due process claim is foreclosed by case law. It is of "no federal concern" that the Board's decision may not have complied with California's "some evidence" rule of judicial review — it is a "procedure beyond what the Constitution demands." *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011). In the state parole context, a prisoner receives constitutionally adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons why" parole was denied. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U. S. 1, 16 (1979). "The Constitution does not require

---

[2] Citations to the petition refer to the page numbers printed on the original petition, not to the page numbers created by the Court's electronic filing program.

United States District Court
For the Northern District of California

more." *Id.*

In the instant matter, the record indicates that Petitioner received at least the required amount of process. The record shows that he was allowed to speak at his parole hearing and to contest the evidence against him. Petitioner had received his records in advance of the hearing and was notified as to the reasons parole was denied. Having found that Petitioner received the required amount of process, this Court's inquiry is at an end. *Cooke*, 131 S. Ct. at 862. At a minimum, Petitioner's claim must be denied because he has failed to show that there was "no reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, 28 U.S.C. § 2254(d). Accordingly, Petitioner's claim is DENIED.

## II.   Due Process and Jury Trial

Petitioner claims that the Board's decision fails to comport with due process because the Board relied on facts not charged in the indictment and found true by a jury or admitted by Petitioner. (Pet., P. & A. at 13–14.) According to Petitioner, "[t]he Board found that petitioner was unsuitable for parole because it found the following 'facts'[3] proved that he posed an unreasonable risk of danger to society if granted a parole release date, and this increased the prescribed range of his sentence." (*Id.* at 14.) According to Petitioner, this prescribed range, or statutory maximum, was 25 years. (*Id.* at 16.) The Court construes the claim as a Sixth Amendment jury trial right claim as that right is described in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Under *Apprendi*, the Sixth Amendment requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.

---

[3] The facts to which Petitioner refers are that the offense "clearly demonstrated senseless, callous disrespect for not only human life but also for human suffering," that Petitioner had an escalating pattern of criminal conduct arising in large part from his heavy drinking, and that the crimes were intentional. (Pet., P. & A. at 14–15.)

The "statutory maximum" discussed in *Apprendi* is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather the maximum that could be imposed without any additional findings. *Blakely v. Washington*, 542 U. S. 296, 303–04 (2004).

Under these legal authorities, Petitioner's claim cannot succeed. First, *Apprendi* applies to the sentence imposed by the trial court, and Petitioner has pointed to no authority that extends *Apprendi*'s holding to the parole context. Second, even if *Apprendi* could appropriately be applied to the Board's parole decision, Petitioner's claim would still fail. Petitioner received an indeterminate sentence of fifteen years-to-life, plus four years. The Board's decision did not increase this penalty, but rather continued his incarceration under the sentence imposed by the trial court. Third, *Blakely* explicitly does not invalidate sentences, which, like Petitioner's, are indeterminate. 542 U.S. at 308–09. *Blakely* went on to say that "[i]n a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail." *Id.* at 309. Here, the very terms of petitioner's sentence show that he may serve life in prison. At a minimum, Petitioner's claim must be denied because he has failed to show that there was "no reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, 28 U.S.C. § 2254(d). Accordingly, Petitioner's claim is DENIED.

### III.    First Amendment

Petitioner claims that the Board is violating his First Amendment rights because it requires him to participate, while in prison and after parole, in Alcoholic's Anonymous ("AA"), which he asserts is "a religious organization." (Pet., P. & A. at 17–18.) At the parole hearing, the Board discussed Petitioner's (admitted) alcoholism at great length, as well as his participation in AA. In delivering its decision, the Board stated that Petitioner (A) was "going to have to go through AA for quite some time," (*id.*, PHT at 104), and (B) that a

condition of Petitioner receiving a parole date was his identifying where he would attend his post-parole AA meetings. (*id.*)

A condition of probation or parole requiring that probationer attend an AA or NA program for recovery from substance abuse violates the Establishment Clause. *Inouye v. Kemna*, 504 F.3d 705, 713 (9th Cir. 2007).

Petitioner's claims cannot succeed. As to Petitioner's claim regarding the Board's statement the Petitioner was "going to have to go through AA for quite some time," the record does not support Petitioner's contention that the Board was compelling him to attend AA. Rather, the Board expressed concern that Petitioner had not apparently benefited from AA, as evidenced by his lack of insight into the causes of his alcoholism, which, in the Board's opinion, was directly related to his lack of insight into why he committed his crimes. The record certainly shows that the Board recommended that Petitioner continue with AA. The record also shows, however, that the Board suggested that Petitioner engage in (apparently non-religious) activities in addition to AA, such as other programming courses (e.g., parenting, which has an anger management component), and to read books relevant to his condition. By suggesting alternatives to AA, it is apparent that the Board was not compelling Petitioner to participate in AA, but rather to seek treatment for his alcoholism, through AA or otherwise.

Furthermore, Petitioner's claims regarding the Board's statements about AA are premature. A federal court's jurisdiction to hear cases and controversies is governed by Article III of the Constitution. A person has standing under Article III to bring a claim in federal court only when he has suffered a concrete, particularized injury which is actual or imminent. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Accordingly, if an injury is not actual or imminent, the claim is premature, and a federal court lacks the power to consider such a claim. Here, Petitioner has not shown that he has suffered an actual injury, or that he will suffer actual injury imminently. The Board's statements clearly refer to some *future* parole decision, or to *future* parole conditions, and not to the 2008 parole

1 decision at issue here. As such, the claims are premature, and this Court has no jurisdiction
2 to review them. On such a record, Petitioner's claim cannot succeed. At a minimum,
3 Petitioner's claim must be denied because he has failed to show that there was "no
4 reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he has
5 not shown that the state court's decision was contrary to, or involved an unreasonable
6 application of, clearly established Supreme Court precedent, 28 U.S.C. § 2254(d).
7 Accordingly, Petitioner's claim is DENIED.

**IV.     Equal Protection**

Petitioner claims that the Board discriminated against him because he was an alcoholic, and therefore disabled, thereby violating his rights under the Equal Protection Clause.[4] (Pet., P. & A. at 18–19.) Petitioner asserts that the Board assumes that alcoholics constitute "permanent" dangers to society, and denies parole to alcoholics based on this prejudice. (*Id.* at 19–20.)

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

The record does not support Petitioner's claim. First, the record shows that the Board relied on many factors in arriving at its decision, only one of which was related to Petitioner's alcoholism. The Board was not concerned with his alcoholism *per se*. Rather, it expressed concern that Petitioner's lack of insight into his disease was directly related to his lack of insight into the causes of his commitment offense. Second, Petitioner has presented no evidence to support his allegations that the Board has a prejudice against alcoholics, or

---

[4] Insofar as Petitioner claims that the Board's decision violated his rights under the Americans With Disabilities Act ("ADA"), Pet., P. & A. at 18, such claim is DENIED. Petitioner's ADA claim is simply a reiteration of his first due process claim, and does not state a separate ground for an ADA violation.

that it has a policy of denying parole to alcoholics based solely on their disease. Accordingly, Petitioner's claim must be denied because he has failed to show that there was "no reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, 28 U.S.C. § 2254(d). Accordingly, Petitioner's claim is DENIED.

## CONCLUSION

The state court's adjudication of the claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED**.

DATED: May 31, 2011

_____
LUCY H. KOH
United States District Judge